OPINION. Johnson, Judge: The only question for our determination is whether the net amount of $36,164.15 recovered by petitioner in 1943 as a judgment award is taxable to petitioner as ordinary income or capital gain. It is well settled that, for tax purposes, the character of an amount recovered as a result of litigation is determined by the nature of the action brought. United States v. Safety Gar Heating & Lighting Co. (1936), 297 U. S. 88. And as stated in Raytheon Production Corp. v. Commissioner (C. A. 1, 1944), 144 F. 2d 110, affirming 1 T. C. 952, “The test is not whether the action was one in tort or contract but rather the question to be asked is ‘In lieu of what were the damages awarded?’,” citing Farmers' & Merchants’ Bank v. Commissioner (C. A. 6, 1932), 59 F. 2d 912; Swastika Oil & Gas Co. v. Commissioner (C. A. 6, 1941), 123 F. 2d 382, certiorari denied, 317 U. S. 639. What then was the nature of the action resulting in the award of the sum here in question ? Publishers was a close corporation with 30,000 shares of stock outstanding, of which petitioner owned 900 shares and the remainder was owned by Charles K. Blandin and his solely owned corporation, the Blandin Development Company. Under these circumstances petitioner claimed it was futile to request Publishers to bring the action and that therefore she brought the action on behalf of Publishers and its stockholders. Petitioner claimed in that action that Blandin had represented that the sale of the assets of Publishers in 1927 was for the purpose of liquidation. She further claimed that as liquidator, Blandin owed a fiduciary duty to distribute the assets of Publishers as expeditiously as possible; that Blandin used the funds of Publishers, without her knowledge or consent, to make investments unauthorized by the articles of incorporation and in disregard of his duty as liquidator; that the defendants in that action (Blandin and Blandin Development Company) be required to account to Publishers for the amounts thus dissipated and that petitioner was entitled to her proportionate share of the net liquidating fund as of the time of sale of the assets in October 1927. The trial court found that Blandin took possession of the assets of Publishers for the purpose of liquidation. He was to pay the obligations of Publishers and to distribute the remaining assets to the stockholders. That court also found that Blandin, as liquidator, made unauthorized investments with the assets of Publishers, damaging petitioner in the amount of $62,203.07. This amount was computed on the basis of the fair liquidating value of petitioner’s stock at the time of the sale of the assets, October 3, 1927, less prior liquidating dividends paid to petitioner. From the above analysis of petitioner’s complaint and the trial court’s findings of fact and conclusions of law, we can only conclude that the action was brought to recover an amount which she would, have received had the liquidation been properly carried out. Applying the test set forth in Raytheon Production Corp. v. Commissioner, supra, “In lieu of what were the damages awarded?”, we conclude that the damages were awarded in lieu of a distribution in liquidation. Respondent contends that the amount recovered should be taxed as ordinary income and not capital gain; that in order for the capital gain provisions of section 117 of the Code to apply, there must be a sale or exchange of a capital asset and that such a transaction did not take place. With this contention we can not agree. Upon surrendering her shares of stock in 1939 petitioner did so with full reservation of any rights she may have had as a stockholder. The liquidation, then, as to petitioner, was not closed and completed in 1939. Cf. Charles A. Dana, 6 T. C. 177. Petitioner then brought her action praying for an accounting and recovery of a proportionate share of the net liquidating fund as of October 1927. A judgment award in this action was obtained in 1943, as pointed out above. A determination of the tax consequences of the receipt in 1943 of the judgment award, which we have found to be a distribution in liquidation, is controlled by the provisions of section 115 (c) [1] of the Code, in effect at the time of the receipt of the award which provide that such distribution shall be treated as a payment in exchange for the stock. It was determined by this Court (Sarah A. Young, Docket No. 5557, Memorandum Opinion entered October 30, 1945), that the surrender of petitioner’s stock in 1939 constituted a partial liquidation. We therefore find it unnecessary in this proceeding to consider that question. Section 115 (c) provides that a distribution in partial liquidation shall be treated as a payment in exchange for the stock. That being the case, it then comes within the capital gain provisions of section 117 of the Code and, having been held for more than six months, the gain realized constitutes long term capital gain. Petitioner concedes that for the computation of the long term capital gain the amount recovered has.a zero basis. Respondent argues that after petitioner surrendered her stock in 1939 she no longer had any contractual rights against Publishers and that this fact was established by the Supreme Court of Minnesota in petitioner’s first action. Young v. St. Paul Publishers, Inc. (1941), 210 Minn. 346, 298 N. W. 251. That action, as we read the case, had nothing whatever to do with petitioner’s surrender of stock in 1939. It was based upon the theory that an express contract resulted from the exchange of correspondence in 1927 concerning the sale of the assets of Publishers and the court held that petitioner had failed to establish a contract. It therefore has no effect upon the issue before us. Respondent further argues that the action brought by petitioner was brought on her own behalf, not that of Publishers; that the judgment was against Blandin and Blandin Development Company; that Blandin paid the judgment personally; that Publishers had no assets at the time of judgment; that Publishers received no award as a result of the action and that therefore it was not a payment by Blandin on behalf of Publishers, but an action to recover damages from Blan-din personally for his wrong doing. In considering this contention we must keep in mind the broad powers of the trial court in its determination of matters of an equitable nature, the situation of a close corporation, and the particular circumstances giving rise to the action brought. Blandin, as liquidator, was charged with the proper distribution or safekeeping of the corporate .funds. It is not uncommon that a court will trace funds of a corporation, and where, as here, it finds them to have been diverted, it will direct repayment to the corporation. So here, it was a direction to Blandin, in his status as liquidator, to return funds rightfully belonging to the corporation. The fact that the court directed that the funds be paid directly to the minority stockholder and not to the corporation appears to us, under the circumstances present, to be merely an exercise of equity powers in accord with the well established principle that a fiduciary may not profit from his own wrong doing and that also the distribution was made in this manner to avoid circuity. The final result, then, is that the trial court awarded to petitioner corporate funds in proportion to the number of shares of stock surrendered for liquidation. Respondent relies upon Harwick v. Commissioner (C. A. 8, 1943), 133 F. 2d 732, and Dobson v. Commissioner (1943), 320 U. S. 489, which affirmed the Harwick case. In those cases it was determined that the sales of stock in 1930 and 1931 were closed and completed transactions and that the subsequent settlements of the fraud actions in 1939 were separate and unrelated transactions; that there was no causal relation between the sales of the stock and the settlements of the fraud claims and that the settlements were not exchanges within the meaning of the statute. In the instant case, however, the recovery realized in 1943 was a recovery of corporate funds held for the purpose of liquidation, to which petitioner was entitled by reason of her stock ownership. In effect, then, it was a distribution in partial liquidation which by statute is to be treated as an “exchange.” We believe, upon this analysis, that the Dobson and Harwick cases are distinguishable from the instant case on their facts. It should further be pointed out that the Supreme Court in the Dobson case affirmed the Harwick case on the basis that the taxpayer there had received an economic benefit, having taken deductions in an earlier year. Consideration of whether there had been a sale of a capital asset was therefore unnecessary. Margery K. Megargel, 3 T. C. 238. We conclude and hold that the sum recovered in 1943 is taxable as proceeds from an exchange of a capital asset. Decision will be entered under Bule 50. SBC. 115. DISTRIBUTION BY CORPORATIONS. [[Image here]] (c) Distributions in Liquidation. — Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. * * *